IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.* | : | NO. 25-2239 |

### MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                            July 14, 2025

Zachary Brown ("Plaintiff") alleges that, on December 9, 2023, at approximately 12:55 a.m., he was attacked by Police Officer Joel Jean. According to Plaintiff, without cause or provocation, Officer Jean pushed Plaintiff against a wall, handcuffed him and forced him into a police car. While forcing Plaintiff into the police car, Officer Jean caused Plaintiff's head to strike the door frame of the police car, causing him injury. Plaintiff alleges that, while Officer Jean was attacking him, two other police officers, Defendants John and Jane Doe, watched what occurred and did not attempt to stop Officer Jean or assist Plaintiff.

Plaintiff has sued Officer Jean, the two Doe officers who stood by idly, and the City of Philadelphia ('the City"), their employer, alleging state law torts, a claim under Pennsylvania's constitution, and a claim under the federal constitution. Defendants have moved to dismiss the complaint, under Fed. R. Civ. P. 12(b)(6), arguing: (1) under state law, the City is not liable for intentional torts; (2) Pennsylvania recognizes no cause of action for violations of the Pennsylvania constitution; and (3) Plaintiff has not pled sufficient facts to make it plausible that the City could be liable for any constitutional violations committed by Officer Jean and the Doe officers. Plaintiff has responded to Defendants' motion. This court finds that: (1) the City is not liable for any intentional torts the other Defendants may have committed; (2) no Defendant can be liable to

Plaintiff for violations of Pennsylvania's constitution; (3) and Plaintiff has not pled sufficient facts to conclude it is plausible that the City could be liable for any federal constitutional violations the three other Defendants may have committed.  What survives Defendants' motion are Plaintiff's state law claims against the three police officers.

## I.     MOTION TO DISMISS STANDARD

The Third Circuit has clearly set forth Fed. R. Civ. P. 12(b)(6) evaluative criteria:

> For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) (quotation marks and citation omitted).  However, we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation omitted).  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

*Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  The court must determine if Plaintiff's claims are facially plausible, *i.e.*, the plaintiff has pleaded sufficient facts to allow the court to draw the reasonable inference that the defendant is liable on the basis alleged. *Mammana v. Federal Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (citations omitted).

## II.     PLAINTIFF'S AVERMENTS

The opening paragraph of this opinion describes the basic facts of the incident raised in the Complaint, viewed in the light most favorable to Plaintiff.  In addition, Plaintiff has pled that the City has created a policy or custom of deliberate indifference to the well-being of members of the general public; the City failed to comply with its duty to hire only competent police officers; the City failed to train, monitor and oversee the three Defendant police officers; the City failed to

formulate, adopt and enforce rules, policies and procedures to prevent mistreatment by the police; and the City has encouraged, tolerated, ratified or been deliberately indifferent to the misconduct of the three Defendant police officers. Complaint at ¶¶ 42-45, 47.

### III.    DISCUSSION

**A.    State Law Claims**

Defendants argue that, under Pennsylvania law, the City can only be liable for negligent acts committed by its employees. Def. Mem. of Law at 2 (citing 42 Pa. Cons. Stat. Ann. § 8542(a)(2)). Because Plaintiff's state law claims all plead intentional torts, the City is entitled to be dismissed from those claims. *Id.* Plaintiff does not dispute the legal point that Pennsylvania law prevents the City from being held liable for intentional torts. Pl. Mem. of Law at 5-7. Instead, he asserts that, because he pled that Officer Jean either negligently or intentionally caused the back of his head to strike the police car's door frame, he has pled a negligence claim. *Id.* at 6.

Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA") provides a limited waiver of the City's general immunity from state law claims; hence, it only permits liability for negligent acts. 42 Pa. Cons. Stat. Ann. § 8542(a)(2). This means that the City is not liable for any intentional torts committed by Defendants. *West on behalf of S.W. v. Pittsburg Public Schools*, 327 A.3d 340, 344 (Pa. Commw. Ct. 2024). Herein, Plaintiff's first three causes of action are for: assault and battery, false arrest and false imprisonment, and intentional infliction of emotional distress. Complaint at 8-10. All of these are intentional torts.[1] *See West*, 327 A.3d at 346 (holding that assault and battery is an intentional tort); *Kull v. Guisse*, 81 A.3d 148, 157 (Pa. Commw. Ct. 2013) (noting that false arrest is an intentional tort); and *Schmidt v. Boardman Co.*, 11 A.3d 924, 951 (Pa 2011) (explaining that, in Pennsylvania, recovery for emotional distress is only available

---

[1] Since all of Plaintiff's state law causes of action are intentional torts under Pennsylvania law, his argument that he pled negligence, in addition to intentional torts, must fail.

under an intentional tort theory). Furthermore, none of the acts allegedly committed by the police officers cover the enumerated types of conduct for which the PSTCA waives municipal immunity. *See* 42 Pa. Cons. Stat. Ann. § 8542(b)(1)-(9).[2] Hence, the City cannot be held liable for the acts allegedly committed by Officer Jean and the Doe officers. Accordingly, Counts I through III are dismissed against the City. The individual Defendants have not sought dismissal of Counts I through III; hence, those counts remain pending against them.

**B.   Pennsylvania Constitutional Claims**

Defendants note that Pennsylvania's courts have held that the Pennsylvania constitution does not allow persons to sue for violations of any constitutional provision. Def. Mem. of Law at 3 (citing *Jones v. City of Philadelphia*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006). Furthermore, Defendants note that Pennsylvania has no equivalent to 42 U.S.C. § 1983 which would authorize courts to hear lawsuits concerning state constitutional claims. *Id.* Hence, they argue that Plaintiff's state constitutional claims must fail. *Id.* at 3-4. Plaintiff does not dispute Defendants' legal argument but suggests that his claims also state a violation of the federal constitution. Pl. Mem. of Law at 7.

Defendants are correct that Pennsylvania law does not allow individuals to bring lawsuits seeking damages for violations of the state constitution. *Jones*, 890 A.2d at 1208. Hence, Count IV, which only alleges violations of several provisions of the **Pennsylvania** constitution and requests damages, *see* Complaint at ¶ 40, must be dismissed.

---

[2] The PSTCA waives municipal immunity only for: (1) operation of a motor vehicle; (2) care, custody or control of personal property; (3) care, custody or control of real property; (4) dangerous conditions of trees, traffic controls or street lighting; (5) dangerous conditions in utility service facilities; (6) dangerous conditions in streets; (7) dangerous conditions in sidewalks; (8) care, custody or control of animals; and (9) sexual abuse. 42 Pa. Cons. Stat. Ann. § 8542(b)(1)-(9).

C.  **City Liability for Constitutional Violations**

Defendants argue that Plaintiff has failed to plead sufficient facts from which the City could be held liable for the alleged unconstitutional[3] acts and omissions of the three individual police officers. Def. Mem. of Law at 4-7. Specifically, it contends that Plaintiff has failed to identify any policy or custom or failure to produce a policy or custom which exhibited deliberate indifference to Plaintiff's federal constitutional rights. *Id.* at 6-7. Plaintiff provides no legal argument to refute Defendant's position; instead, he simply asserts that his allegations in paragraphs 41-47 of the Complaint plead sufficient facts to hold the City liable. Pl. Mem. of Law at 8.

It is well established that, under 42 U.S.C. § 1983, municipalities are not vicariously liable for their employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing, *inter alia*, *Monnell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978)). In order for a municipality to be held liable for federal constitutional violations committed by any of its employees, the employees' actions must have been directed by a municipal policy or custom, *id.* at 61 (citations omitted) or, in the absence of a policy or custom, by proof that the City exhibited deliberate indifference to the need for the missing policy or custom. *Id.* (citing *Canton v. Harris*, 489 U.S. 378, 388 (1989)). "'Deliberate indifference is a stringent standard of fault, requiring proof that the municipal actor disregarded a known or obvious consequence of his action.'" *Id.* (quoting *Bd. of County Comm'rs of Bryan Cnty, Okl. v. Brown*, 520 U.S. 397, 410 (1997)). There must be proof that the relevant city official(s) had actual or constructive notice that a particular omission causes city employees to violate residents' constitutional rights. *Id.* (citing *Bryan Cnty.*, 520 U.S. at 407).

---

[3] For this claim, the court understands Plaintiff to seek to hold the City liable for the alleged violations of his federal constitutional rights committed by the three individual Defendants.

5

In the complaint, Plaintiff does not identify any policy or custom that caused Officer Jean to, without provocation, throw him against a wall, handcuff him and forcibly place him in a police car. Complaint at ¶¶ 42-45, 47. Nor does he cite any policy or custom that caused the Doe Defendants to stand by idly while Officer Jean allegedly attacked Plaintiff. *Id.* Instead, Plaintiff alleges the absence of a needed policy. *Id.* In order to make it plausible that the City was deliberately indifferent, Plaintiff would need to plead facts which would demonstrate a City decisionmaker had actual or constructive knowledge that a failure to provide some form of training would have protected Plaintiff. Plaintiff has failed to identify any form of training that could have prevented Officer Jean from acting as he allegedly did and causing the Doe defendants to ignore his alleged misconduct. Furthermore, Plaintiff has failed to plead any facts that would have provided any City decisionmaker with actual or constructive knowledge of the need for additional training to prevent the acts and omissions he has alleged. Hence, Count V[4] is dismissed.

An implementing order follows.

---

[4] Plaintiff mislabeled Count V as a second Count IV.